UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NOLAN ANDREWS,<br><br>Petitioner,<br><br>vs.<br><br>(AW) JURY, ACTING WARDEN;<br><br>Respondent. | 4:21-CV-04003-RAL<br><br><br>ORDER DIRECTING SERVICE AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

On January 6, 2021, Nolan Andrews, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Andrews paid the $5 dollar filing fee. He seeks to redeem earned-time credits under the First Step Act and moves for the appointment of counsel. Doc. 1 at 2; Doc. 2.

A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Andrews brought his petition in the correct district in that he is imprisoned in Yankton, South Dakota. Doc. 1 at 1. Only after a prisoner exhausts administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). The exhaustion requirement for a petition

under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). A habeas petition can be excused from exhaustion requirements if the process would be futile and serve no useful purpose. See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004).

Here, Andrews claims he received a decision from the BOP on January 15, 2020. Doc. 1 at 3.. Andrews asserts that the BOP's "statutory interpretation of 18 U.S.C. § 3621(h)(2) has created an implied policy that the []BOP will not credit any inmates['] sentence with earned credits until January 15, 2022." Doc. 4 at 2. Andrews alleges that he should have been released on November 6, 2020, due to his earned-time credits. Id. at 4. He did not appeal the decision and claims that doing so now would be futile. Doc. 1 at 3. At this time, this Court cannot determine with confidence that it "plainly appears" that Andrews is not entitled to any relief here, although ultimately that may be the case.

Next, Andrews moves for the appointment of counsel. Doc. 2. He claims that access to the law library has been limited due to COVID-19. Id. There is no constitutional right to counsel in habeas actions. Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). If the "interests of justice so require" a court may appoint counsel for a prisoner seeking habeas relief. See 18 U.S.C. § 3006A(a)(2)(B); see also Hoggard, 29 F.3d at 471. The court should first determine whether the prisoner has presented a non-frivolous claim. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (finding that when a prisoner's claims are clearly without merit, the court should dismiss the case on the merits without appointing counsel). If the petition contains non-frivolous claims, the court should consider the "factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." Quinn v. Dooley, 272 F.Supp. 2d 839,

843-844 (D.S.D. 2003) (citing Nachtigall, 48 F.3d at 1081-82; Hoggard, 29 F.3d at 471; Abdullah, 18 F.3d at 573.) Applying these factors, this Court concludes that the interests of justice do not require the appointment of counsel. Andrews has adequately presented his claims before this Court and his claims are not legally or factually complex. At this time, this Court denies Andrews's motion for appointment of counsel, Doc. 2. Andrews may move for the appointment of counsel at a later date.

Therefore, it is hereby

ORDERED that Andrews's motion for the appointment of counsel, Doc. 2, is denied. It is further

ORDERED that the Clerk of Court arrange to serve a copy of all pleadings of record and this Order on Respondent. It is finally

ORDERED that the Respondent file an answer, and if he so chooses, a motion to dismiss and memorandum, within thirty days of service of the pleadings.

DATED February 10th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE